**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3286-18T4

STATE OF NEW JERSEY,

      Plaintiff-Respondent,

v.

CHARLES SHEPPARD, a/k/a
CHARLES COWARD,

      Defendant-Appellant.

_____

              Submitted January 15, 2020 – Decided January 31, 2020

              Before Judges Whipple and Mawla.

              On appeal from the Superior Court of New Jersey, Law Division, Camden County, Indictment No. 14-08-2323.

              Joseph E. Krakora, Public Defender, attorney for appellant (Suzannah Brown, Designated Counsel, on the brief).

              Jill S. Mayer, Acting Camden County Prosecutor, attorney for respondent (Linda Anne Shashoua, Special Deputy Attorney General/Acting Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Charles Sheppard appeals from a December 14, 2018 order denying his petition for post-conviction relief (PCR) without an evidentiary hearing. We affirm.

In 2013, defendant confessed to the murder of Rhonda Scott during an interview with members of the Camden County Prosecutor's Office homicide unit, who were investigating Scott's death. In 2016, prior to pleading guilty to the murder, defendant filed a motion to suppress his confession. The trial judge conducted a hearing and reviewed evidence, including defendant's videotaped confession. The judge denied the motion and ruled his confession was voluntary and admissible.

Relevant to the issues raised in this appeal, she concluded "[d]efendant was coherent. He was calm. He was speaking clearly. His answers were intelligent. They were responsive." Afterwards, defendant pled guilty to first-degree murder, N.J.S.A. 2C:11-3(a)(1) and (2), and admitted he stabbed Scott numerous times with a knife, knowing it would kill her. Defendant received a thirty-year sentence with thirty years of parole ineligibility. We affirmed his sentence on appeal.

In 2018, defendant filed his PCR petition. Among other grounds, he alleged his plea counsel was ineffective for failing to have an expert evaluate

2

him to determine if he was mentally competent or suffered from diminished capacity. Defendant argued his plea counsel knew defendant had a "difficult childhood," "took medicine for his anger," and suffered from "black outs."

The PCR judge denied defendant's petition. Regarding the mental health, competency, and alleged diminished capacity, the judge concluded as follows:

> Other than the isolated point raised by counsel here, there's nothing else in the record to implicate the defendant's mental health, certainly nothing to indicate an actual mental-health diagnosis that would trigger an obligation of trial counsel to . . . request a competency evaluation.
>
> Also, . . . in the PCR record, there's nothing to indicate here from any profession[al] . . . how . . . any potential mental[]health issue could have affected the defendant's ability to assist his defense or could have constituted a defense to the crimes to which he pled guilty and was sentenced.
>
> We have the defendant's statement that his counsel failed to order a psychological evaluation . . . or psychiatric evaluation, but the [c]ourt concluded that . . . none of that is enough to establish a prima facie case that trial counsel was objectively deficient in not ordering a competency evaluation or a mental[]health evaluation.

Defendant raises the following point on this appeal:

> THE PCR COURT ERRED IN FAILING TO HOLD AN EVIDENTIARY HEARING ON [DEFENDANT'S] CLAIM THAT PLEA COUNSEL PROVIDED HIM WITH INEFFECTIVE ASSISTANCE OF COUNSEL

3

BY FAILING TO HAVE HIM EVALUATED BY A
MENTAL HEALTH PROFESSIONAL.

The Sixth Amendment of the United States Constitution and Article I, Paragraph 10 of the New Jersey Constitution guarantee criminal defendants the right to the effective assistance of counsel. State v. O'Neil, 219 N.J. 598, 610 (2014) (citing Strickland v. Washington, 466 U.S. 668, 686 (1984)); see also State v. Fritz, 105 N.J. 42, 58 (1987). To succeed on a claim of ineffective assistance of counsel, the defendant must meet the two-part test established by Strickland, 466 U.S. at 687, and our Supreme Court adopted in Fritz, 105 N.J. at 58.

Under Strickland, a defendant first must show that his or her attorney made errors "so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Strickland, 466 U.S. at 687. Counsel's performance is deficient if it falls "below an objective standard of reasonableness." Id. at 688.

A defendant also must show that counsel's "deficient performance prejudiced the defense." Id. at 687. He must establish "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. "A reasonable probability

4

is a probability sufficient to undermine confidence in the outcome" of the proceeding. Ibid.

We review a PCR court's decision to proceed without an evidentiary hearing for abuse of discretion. State v. Brewster, 429 N.J. Super. 387, 401 (App. Div. 2013) (citing State v. Marshall, 148 N.J. 89, 157-58 (1997)). A defendant is entitled to an evidentiary hearing on a PCR petition if he or she presents a prima facie case in support of PCR, the court determines there are material issues of fact that cannot be resolved based on the existing record, and the court finds that an evidentiary hearing is required to resolve the claims presented. R. 3:22-10(b); see also State v. Porter, 216 N.J. 343, 354 (2013) (citing R. 3:22-10(b)). The court must "view the facts in the light most favorable to a defendant." State v. Preciose, 129 N.J. 451, 462-63 (1992). A defendant "must do more than make bald assertions," and must instead "allege facts sufficient to demonstrate counsel's alleged substandard performance." State v. Cummings, 321 N.J. Super. 154, 170 (App. Div. 1999). "[V]ague, conclusory, or speculative" allegations will not suffice. Porter, 216 N.J. at 355 (quoting Marshall, 148 N.J. at 158).

We are convinced the PCR judge did not abuse his discretion when he denied defendant's petition without an evidentiary hearing. As the judge noted,

the record lacks any evidence defendant's competency to stand trial or mental health were in issue, let alone material facts in dispute, necessitating a hearing. The record reflects that from his confession, to his plea and sentencing, defendant answered questions cogently and was satisfied with his counsel's services.

Finally, defendant was twenty-seven years old at sentencing. He faced life in prison but received a much lower sentence. Aside from the bald assertion raised on this appeal, he failed to demonstrate his counsel's performance was deficient.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION